# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE JAMES WARREN MAY, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| JAMES WARREN MAY, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0431-WS-N |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant/Appellee. ) | |

## ORDER

This bankruptcy appeal comes before the Court on the United States' Motion to Strike Items from Debtor's Designation for the Record on Appeal (doc. 5). Plaintiff/appellant, James Warren May, has filed a Response (doc. 6) in opposition to the Motion to Strike.

The test for defining the proper scope of a record on appeal in bankruptcy cases is well settled. As one court phrased it, "[t]he touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (citation omitted); *see also In re Harbaugh*, 301 B.R. 317, 321 (8th Cir. BAP 2003) (striking from record on appeal certain evidentiary materials in appellant's appendix "[b]ecause those materials were not part of the record before the bankruptcy court"); *In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003) (bankruptcy rule covering record on appeal "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court"); *In re Shah*, 2006 WL 3068839, *1 (5th Cir. Oct. 26, 2006) ("the district court did not err in refusing to permit Mehta to designate documents for appellate review that were never considered by the bankruptcy court"); *In re National Century Financial Enterprises, Inc.*, 334 B.R. 907, 917 (Bankr. S.D. Ohio Dec. 22, 2005) ("[t]he record on appeal should contain all items considered by

the bankruptcy court in reaching a decision. … Conversely, if an item was not considered by the court, it should be stricken from the record on appeal.") (citations omitted).

Here, the parties quarrel over May's designation in the record on appeal of eight exhibits relating to their respective motions for summary judgment in Bankruptcy Court. These exhibits (numbered as docket entries 12, 18, 22, 24, 25 29, 34, and 35) include both sides' summary judgment motions, certain briefing relating to those motions, and two affidavits submitted by May in connection with the summary judgment briefing.[1] It is unclear from the parties' filings whether and to what extent the Bankruptcy Court actually relied on these materials in the rulings from which appeal is taken; however, it is clear that the Bankruptcy Court did have those materials before it at trial. Moreover, the Bankruptcy Court expressly directed the parties at the outset of trial to expedite the proceedings by not rehashing issues that had already been briefed and matters already in evidence, which would include these items by implication. (Doc. 4, at 4-5.) In light of those remarks, the Court cannot say that the Bankruptcy Court did not consider these exhibits in reaching the determinations at trial from which appeal is now taken. Certainly, Judge Shulman was aware of those materials, and he urged the parties to avoid reiterating their contents at trial so as to streamline the proceedings.

Because the objected-to exhibits were before the Bankruptcy Court in entering the order and judgment appealed from, and because he may have considered those materials in entering such order and judgment, the Government's Motion to Strike (doc. 5) is **denied**. That said, nothing herein in any way precludes or constrains the parties' ability to make appropriate arguments concerning the admissibility, weight and significance of those exhibits herein.

DONE and ORDERED this 23rd day of August, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Government appears to be particularly exercised over the two affidavits, including one from the debtor and one from Lisa May, both of whom testified at trial. The Government expresses concern that these affidavits contain hearsay.